**Durwood L. CURRIER, Plaintiff,**

v.

**UNITED TECHNOLOGIES, CORPORATION, Defendant.**

**No. CIV.02–107–P–H.**

United States District Court, D. Maine.

March 12, 2003.

Louis B. Butterfield, Portland, ME, for Plaintiff.

Danielle Y. Vanderzanden, Day, Berry & Howard LLP, Boston, MA, Frederick B. Finberg, the Bennett Law Firm, P.A., Peter Bennett, the Bennett Law Firm, P.A., Portland, ME, for Defendant.

**ORDER**

KRAVCHUK, United States Magistrate Judge.

Defendant moves pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 7(a) to "preclude[d] Plaintiff Durwood Currier ... from offering any expert testimony or other evidence from Sat Narain Gupta, Ph.D. or Eric A. Purvis" based on Plaintiff's failure to comply with Rule 26(a)(2)(B) and based on the argument that Dr. Gupta's expert testimony fails to satisfy the dictates of *Daubert v. Merrell Dow*

*Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Federal Rule of Evidence 702.

### Rule 26(a)(2)(B)

■ Defendant complains that Plaintiff never identified the documents or other information his experts relied upon and that he never provided a listing of the other cases his experts have testified in. Contrary to Defendant's suggestion, Plaintiff points out that his Expert Witness Designation stated that Dr. Gupta "conducted a statistical analysis of the data contained in pertinent documents produced by UTC in the course of proceedings before the Maine Human Rights Commission" and that Mr. Purvis (a CPA) "rel[ied] upon a review of Mr. Currier's personnel file as produced by UTC before the Maine Human Rights Commission, Mr. Currier's tax records, information provided by Mr. Currier as to his current and past earnings, and records to be provided by UTC pertaining to the value of employment benefits provided to Mr. Currier by UTC." The only rule violation appears to be in Plaintiff's failure to list the past cases in which his experts have provided testimony, assuming that they have provided any. Defendant, however, fails to explain what prejudice arises from this particular omission and, for what it is worth, Defendant neglected to depose either of Plaintiff's experts. Defendant also fails to make any reply argument whatsoever in the face of these revelations by Plaintiff. Under the circumstances, Defendant's request that the Court preclude any testimony by either witness is **DENIED**. Seeing no apparent prejudice, I decline to impose an exclusionary sanction. To the extent that the parties also raise complaints of subsequent discovery violations, I note that both were made well aware of this judicial officer's availability to resolve such disputes during the discovery period. Given their failure to preserve any of their discovery rights through this informal and readily available means, I am unwilling at this time to impose sanctions for the lately-alleged violations. Equitable remedies are preserved for inequitable circumstances.

Defendant also complains that Mr. Purvis's report was never produced. However, Mr. Purvis's opinion was disclosed in Plaintiff's Expert Witness Designation and the Court's Scheduling Order provides that the parties' explanations of their experts opinions need not be given in the form of a written report, "*notwithstanding*" Rule 26(a)(2)(B) (See Judge Hornby's June 19, 2002 Scheduling Order, Docket No. 4, at 2 (emphasis added).)

### *Daubert*

■ Defendant argues that Dr. Gupta's anticipated expert testimony concerning statistical analyses he performed on behalf of Plaintiff is neither reliable nor relevant. However, if credited by the jury, Dr. Gupta's testimony would tend to prove that whether a given employee was selected for termination in Defendant's facility-wide reduction in force had a strong statistical correlation with age. Although Defendant complains that Currier's expert witness disclosure and Dr. Gupta's report do not allow it to determine "the foundation upon which Gupta has based his opinions," Currier's disclosure revealed the documentary sources from which Dr. Gupta obtained his data, statistical algorithms he used to analyze the data and the results of his analyses. Notably, Defendant has not challenged the algorithms themselves, but only Dr. Gupta's apparent failure to consider factors other than age or how such factors may correlate to termination. This concern goes to weight, not admissibility. There is nothing in either the disclosure or the report that would indicate Dr. Gupta's methods or opinions amount to junk science. Nor does Defendant's Motion suggest to me that the evidence is irrelevant to the issue of age bias.

### Conclusion

For the reasons stated herein, I **DENY** Defendant's Motion to Preclude Plaintiff from Presenting Expert Evidence, Docket No. 11. The equities do not warrant the imposition of discovery sanctions against Plaintiff. Nor is there anything in either Currier's disclosure or Dr. Gupta's report that suggests Dr. Gupta's methods amounted to junk science. Nor does Defendant's Mo-

tion suggest to me that the evidence is irrelevant to the issue of age bias.

*So Ordered.*